IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEDALITE ARCHITECTURAL PRODUCTS,

                              Plaintiff,                      OPINION and ORDER

    v.

                                                                             08-cv-394-slc

FOCAL POINT, L.L.C.,

                              Defendant.

---

       In this civil action for patent infringement, plaintiff Ledalite Architectural Products alleges that defendant Focal Point, L.L.C.'s lighting fixtures infringe its design patent, United States Patent No. D556,358. Now before the court is defendant's motion to transfer venue to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a). Although the parties have declined to consent to magistrate judge jurisdiction, a motion to transfer venue is susceptible to direct decision by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A), so there is no need for a report and recommendation.

       As an initial matter, defendant submitted a surreply brief and a declaration in support of its surreply. Plaintiff moved to strike these filings. Plaintiff's motion will be denied as unnecessary because defendant was never given leave to file a surreply and never moved for such leave. Therefore, I would disregard these filings without plaintiff's hand-waving. For defendant's information, had it sought leave, it would not have been granted; defendant's surreply is mostly a rehash of its earlier arguments, appearing more an attempt to get the last word than an attempt to respond to new issues or facts raised in defendant's reply brief.

       Turning to defendant's motion to transfer venue, it will be denied. Transfer to the Northern District of Illinois is likely to cause substantial delay. Although the Northern District

of Illinois would be a more convenient forum, this is one case where the relative convenience of the transferee forum is not enough to overcome a concern that transfer there would not promote the interests of justice.

In deciding whether the moving party has made the necessary showing, the court may rely on the parties' pleadings and may receive and weigh affidavits submitted by the parties. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293-94 (7th Cir. 1989). Thus, I draw my facts from plaintiff's complaint and declarations submitted by the parties regarding defendant's motion to transfer venue.

## ALLEGATIONS OF FACT

### A.  The Parties

Plaintiff Ledalite Architectural Products is a Canadian corporation with its principal place of business in Canada. Plaintiff sells, among other things, recessed lighting fixtures.

Defendant Focal Point, L.L.C. is a limited liability corporation organized under the laws of Delaware and with its headquarters and principal place of business in Chicago, Illinois. Defendant also sells recessed lighting fixtures.

### B.  Potential Witnesses

Defendant designs, manufactures and assembles its accused lighting fixtures in Chicago. Its sales and marketing companies are in Chicago as well. Most of its employees live in and around Chicago, including all of the officers, principals and key decision makers.

There are at least three witnesses that defendant intends to call in this case, all of whom are employed by defendant. Christopher Thornton is expected to testify about the development,

marketing and sales of the accused products. Peter Thornton, Jr. will is expected to testify about the design, production and operation of the accused products. Michael Thornton is expected to testify about the marketing and sales of the accused products. All three live in a suburb of Chicago.

### C.  Speed to Trial in Respective Districts

Currently, this case is presumptively scheduled for a trial starting July 27, 2009. However, this case has yet to be assigned to an Article III judge following the parties' declination of magistrate judge jurisdiction, so the trial date is subject to change at the direction of the Article III judge who agrees to try this case. Preliminary Pretrial Conference Order, dkt. #18, at 6-7.

In the United States District for the Northern District of Illinois, the median time from filing to trial was 29.7 months for the 12 month period ending September 30, 2007. In this district, the median time from filing to trial was 10.4 months for the same period.

### OPINION

In a motion to transfer venue brought pursuant to 28 U.S.C. § 1404(a), the moving party bears the burden of establishing that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). In weighing the motion, a court must decide whether the transfer serves the convenience of the parties and witnesses and promotes the interests of justice. 28 U.S.C. 1404(a); *Coffey*, 796 F.2d at 219-20; see also *Roberts & Schaefer Co. v. Merit Contracting, Inc.,* 99 F.3d 248, 254 (7th Cir. 1996) (question is whether

3

plaintiff's interest in choosing forum is outweighed by either convenience of parties and witnesses or interest of justice).

In this case, there is little doubt that transfer to the Northern District of Illinois is a more convenient forum. Neither party has strong ties with the Western District of Wisconsin. Plaintiff is a Canadian corporation with its principal place of business there and defendant is a corporation with its principal place of business and headquarters in Chicago, Illinois, which is located in the Northern District of Illinois. As in many patent infringement suits filed in this district, Wisconsin is just another place the allegedly infringing product was sold.

Moreover, plaintiff's decision to file suit here deserves little deference. Although generally a plaintiff's choice of forum is given great deference, this rule applies only when a plaintiff sues in its home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). The idea behind such deference is that it is reasonable to assume that a plaintiff files suit in its home forum for its convenience; not so for a foreign plaintiff. *Id.*; *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997).

In weighing a motion to transfer venue, whether transfer will promote the interest of justice may be the determinative factor. *Coffey*, 796 F.2d at 219-20; *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," including whether transfer will facilitate the goal of giving litigants a speedy trial. *Coffey*, 796 F.2d at 221; *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (lighter docket speed of proposed transferee district relevant to the interest of justice analysis).

In this case, the question whether transfer is appropriate under § 1404(a) boils down to whether defendant's interest in trying the case in its own district outweighs the interest of justice served in bringing this case to trial quickly. This factor weighs heavily against transfer. Trial is scheduled for July 27, 2009. Although the Article III judge assigned to the case may delay trial to accommodate his or her schedule, it is not likely to create the substantial delay the parties face in the Northern District of Illinois, where the parties would expect a trial date starting around the beginning of 2011. In addition, the parties are direct competitors, making quick resolution of this patent infringement suit even more important (plaintiff stands to gain more than just money damages). *Milwaukee Electric Tool Corp. v. Black & Decker (N.A.), Inc.*, 392 F. Supp. 2d 1062, 1065 (W.D. Wis. 2005) (relative speed of courts particularly important in patent infringement action "where rights are time sensitive and delay can often erode the value of the patent monopoly") (citation omitted).

Although the substantial delay weighs against transfer, defendant contends that it is not enough to overcome the convenience. First, it argues that trial speed alone cannot be determinative, citing cases by Judge Crabb and Judge Shabaz for that proposition. *Gemini IP Technology, LLC v. Hewlett-Packard Co.*, 2007 WL 2050983, *3 (W.D. Wis. July 16, 2007) (Shabaz, J.); *Deb Worldwide Healthcare, Inc. v. Recognition Research Inc.*, 2008 WL 2035529 (W.D. Wis. May 9, 2008) (Crabb, J.); *Carson v. Flexible Foam Products, Inc.*, 2008 WL 1901727 (W.D. Wis. Apr. 23, 2008) (Crabb, J.). I disagree. The Court of Appeals for the Seventh Circuit has held that, in the right circumstances, the promotion of the interest of justice may be "determinative," *Coffey*, 796 F.2d at 220, and none of the cases plaintiff cites hold that trial speed may never be such a sole factor. Instead, each holds only that docket speed was not

5

enough in the context of *that case*. Indeed, all suggest that it is the circumstances that matter. *Gemini*, 2007 WL 2050983, *3 ("the significance of [docket speed] varies with the circumstances surrounding the case" and in this case plaintiff does not compete against defendants so delay is less harmful to it); *Carson*, 2008 WL 1901727, * (court held that plaintiff's need for quick trial speed did not outweigh convenience of parties after noting that "it is likely that the [transferee district] can set a trial date in or near the same time period" and any need for speed had been undermined by plaintiff's delay in bringing suit); *Deb*, 2008 WL 2035529, *1 (in case transferred to same transferee district as in *Carson*, court transferred after finding that facts in case were "virtually indistinguishable" from those in *Carson*).

Next, defendant argues that the convenience to itself and its witnesses is substantial enough to warrant such likely delay. However, the circumstances of this case make such transfer inappropriate. First, although the Northern District of Illinois is more convenient, the approximately 140-mile ride to Madison from Chicago is not a huge difference in the context of a patent infringement suit. Notably, defendant has identified only a handful of its employees as witnesses that it expects to call. The inconvenience of such a short travel for the corporate witnesses is relatively minor. Although it is bound to cause some delays, not much more than what they could expect from a trial in Chicago. Defendant points out that the "design" and manufacture of the products occurs in Chicago, but that is hardly a good reason to transfer a patent infringement suit. In these cases, experts tend to play the starring role; defendant has given no reason to think that this case will be any different.

In a vacuum, the convenience to defendant wins. But, when looked at in light of the substantial delay the parties face in transferring, the case must remain. It would not promote

the interest of justice to allow such a substantial delay for such a minor convenience. Because transfer is not justified in this case, defendant's motion to transfer venue under 28 U.S.C. § 1404(a) will be denied.

## ORDER

IT IS ORDERED that:

1. Defendant Focal Point, L.L.C.'s motion to transfer is DENIED.

2. Plaintiff Ledalite Architectural Products's motion to strike, dkt. #31, is DENIED as unnecessary.

Entered this 16th day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge