IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEDALITE ARCHITECTURAL PRODUCTS,

      Plaintiff,      ORDER

 v.

                08-cv-394-slc

FOCAL POINT, L.L.C.,

      Defendant.

---

LEDALITE ARCHITECTURAL PRODUCTS,

      Plaintiff,      ORDER

 v.

                08-cv-558-slc

PINNACLE ARCHITECTURAL LIGHTING, INC.,

      Defendant.

---

   These are two design patent infringement suits filed by plaintiff Ledalite Architectural Products. The first lawsuit was filed on July 10, 2008 against defendant Focal Point, LLC and the second lawsuit was filed on September 26, 2008 against defendant Pinnacle Architectural Lighting, Inc.; in each case plaintiff alleges infringement of the same two design patents. Plaintiff moved to consolidate the cases pursuant to Fed. R. Civ. P. 42(a) shortly after filing the second case, arguing that the cases should be consolidated because they involve the same patents, facts and witnesses. That motion for consolidation is now before the court. Although the parties have declined to consent to magistrate judge jurisdiction, a motion to consolidate cases is susceptible to direct decision by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A), so there is no need for a report and recommendation.

   I am not persuaded that the overlap between the two cases is sufficient to warrant consolidation. The two lawsuits involve infringement claims about the separate defendants'

separate products. Although the cases will involve the same patents, and may involve the same prior art, the question of infringement in each case will require a separate comparison of each defendant's products to the patents to determine whether the "ordinary observer" would be deceived into believing that product is the same as the patented design. Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 678, 681 (Fed. Cir. 2008). In such a setting, the mere fact that the two cases involve the same patent and may involve the same prior art and some of the same expert witnesses does not show why consolidation would help prevent "unnecessary duplication of effort in related cases" such that consolidation would be proper. E.E.O.C. v. G-K-G, Inc., 39 F.3d 740, 745 (7th Cir. 1994) (citations omitted).

There is another reason consolidation is not warranted for these cases. The first case, filed well before the second, is well into its schedule while the second case has yet to have a scheduling conference and responsive motions were just filed on November 11, 2008. Moreover, in the second case defendant Pinnacle has moved to dismiss for lack of personal jurisdiction or in the alternative to transfer the case. I could not consolidate these cases until first deciding that issue, which will not be ripe until the middle of December. Consolidation under these circumstances will only create delay in the first case while the second case gets up to speed. Accordingly, IT IS ORDERED that plaintiff's motion to consolidate case nos. 08-cv-394-slc and 08-cv-558-slc is DENIED.

Entered this 13th day of November, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge